(No. 3439— )

GLENN EWAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*

SHARL B. BASS AND GREENBERG & SACHS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN F. TREVOR AND WILLIAM L. MORGAN, Assistant Attorneys General, for respondent.

FISHER, J.

It is agreed by stipulation herein that claimant, Glenn Ewan, was, on September 4, 1939, employed by respondent as an attendant at the Manteno State Hos-

pital, Manteno, Illinois; that on said date he became ill with typhoid fever; that he was·hospitalized at the State Hospital; and that he returned to his former employment on November 16, 1939.

Claimant continued to work in the same capacity until May 1, 1940, about which date he resigned and returned to his home in Eldorado, Illinois.

Claimant seeks an award under the provisions of the Workmen's Compensation Act for temporary disability, for permanent partial impairment of hearing and vision, and medical costs and expenses incurred.

During the time of claimant's illness a typhoid epidemic existed at the Manteno State Hospital, and we have heretofore held that an employee of the Institution who became ill from typhoid fever under such circumstances was entitled to the benefits of the Workmen's Compensation Act.

The record in this case consists of the Claim, Stipulation, Medical Report at the time of the injury, Medical Report of an examination made January 13, 1945, Transcript of Evidence, and Statement, Brief and Argument by Claimant and Respondent.

The record shows that claimant was furnished hospital and medical care in the institution during his illness; that he was paid his full salary during the period of his illness; and that he sought no medical care of respondent after he returned to work on November 16, 1939. He gave no notice to respondent that further medical care was required. He selected his own doctors without notice to respondent, and, under Section 8 (a) of the Workmen's Compensation Act, he does so at his own expense.

Claimant alleges that he was unemployed for about a year after May 1, 1940, but there is nothing in the record to indicate that he was physically unable to work

or that his disability was connected with, or the result of, his illness from typhoid fever. He testified that during this time he was treated for "aches and pains" and "for deficient thyroid gland."

Dr. Alfred H. Hermann of 30 North Michigan Avenue, Chicago, Illinois, testified that he examined claimant on or about December 31, 1944, and found the vision impaired in the right eye and the hearing impaired about 10% in the left ear. Dr. Hermann, when asked if there was a causal connection between claimant's condition as found then and the typhoid fever that claimant had contracted, answered "there could be." Again asked if, in his opinion, there would be, he answered "there might or could be." The burden is upon the claimant to show that his partial disability was caused by his illness from typhoid fever. This he has not done. From the entire record, we are unable to find any basis for an award in this claim.

Award is denied.